## EL PASO ELECTRIC CO. v. INDEMNITY INS. CO. OF NORTH AMERICA.

No. 1668—6145.

Commission of Appeals of Texas, Section A.
May 26, 1933.

Brown & Brooke, of El Paso, for plaintiff in error.

R. A. D. Morton, of El Paso, for defendant in error.

CRITZ, Judge.

It appears from the record before us that Stone & Webster were doing some work for El Paso Electric Company, under a contract which made it an independent contractor. Bailey Perkins was an employee of Stone & Webster. While he was engaged in the work of his employment as such employee of Stone & Webster, he was killed as the result of the negligence of the electric company.

Stone & Webster carried insurance with Indemnity Insurance Company of North America. This insurance, in so far as Stone & Webster is concerned, protected them under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. art. 8306 et seq.).

The indemnity company recognized its liability under the compensation laws of this state to the widow and children of Bailey Perkins and began the payment to them of the compensation therein provided for. The indemnity company continued to make such payments until such widow and children filed a suit for damages for the death of Bailey Perkins against the electric company. The indemnity company paid $720 in discharging its liability to the widow and children of Bailey Perkins. It discontinued payments only when the suit was filed.

The widow and children of Bailey Perkins sued the electric company for damages on account of its negligence in producing his death. When this suit was filed, the electric company claimed that the insurance policy or contract issued by the indemnity company to Stone & Webster, by its terms, covered it, and protected it against the contingencies resulting from the death of Bailey Perkins. In accordance with such contention the electric company demanded of the indemnity company that it defend the suit of the widow and children of Bailey Perkins against it. The indemnity company refused to recognize that the policy covered the electric company so as to protect it against the contingencies resulting in Bailey Perkins' death and refused to defend the suit.

The electric company defended the suit brought against it by the Perkins heirs. The suit was finally tried in the district court and resulted in a judgment against the electric company for $30,000. This judgment was affirmed by the Court of Civil Appeals. El Paso Electric Co. v. Perkins, 292 S. W. 935. Writ of error was refused by the Supreme

Court. In the interest of brevity we refer to the opinion of the Court of Civil Appeals in that suit for a full statement of the issues and result thereof.

After the happening of the above events the electric company paid off the judgment of the Perkins heirs against it, principal, interest, and costs. In this connection we pause to note that $720 paid by the electric company on the above judgment was by order of the court held in trust by the plaintiffs in that suit for the benefit of the indemnity company to reimburse it for a like amount paid as compensation to the Perkins heirs before the commencement of their suit against the electric company. When the judgment was paid, this $720 was paid over to the indemnity company. The indemnity company was not a party to that suit.

After paying off the above judgment, the electric company sued the indemnity company in the present action, and as a basis for the same contends that the policy of insurance above mentioned, issued by the indemnity company to Stone & Webster, by its terms, covers the electric company, so as to protect it against the contingencies of Bailey Perkins' death.

The indemnity company defended this suit on the ground that the policy here sued on does not protect the electric company against the contingencies of Bailey Perkins' death. The indemnity company also defends on certain other grounds not necessary to set out. It is sufficient to say that the pleadings of the indemnity company are comprehensive enough to embrace the question we shall decide.

Trial of this suit in the district court before the court without the intervention of a jury resulted in a judgment for the indemnity company. On appeal this judgment was affirmed by the Court of Civil Appeals. 42 S. W.(2d) 677. The electric company brings error.

The pertinent parts of the policy here sued on are set out in the opinion of the Court of Civil Appeals. It would greatly lengthen this opinion to copy them herein. In the interest of brevity we refer to the opinion of the Court of Civil Appeals for a statement of them.

■ We have carefully read and considered the opinion of the Court of Civil Appeals in connection with the application for the writ filed by the electric company, and the briefs and arguments of both parties, and in our opinion the Court of Civil Appeals and district court were both correct in holding that the policy of insurance made the basis of this suit does not by its terms cover and protect the electric company against the contingencies which produced Bailey Perkins' death. The Court of Civil Appeals has almost, if not fully, covered the ground in giving reasons for this conclusion, and little can be added by us.

In the application for the writ the electric company strenuously contends that the following clause in the policy of insurance operates to make said policy protect it against the contingencies of Bailey Perkins' death. "Employees of any of the firms or corporations for whom Stone & Webster, Inc., have work to perform, shall be considered employees of Stone & Webster, Inc. within the coverage provided by the under mentioned policy during the period that said employees are within the supervision or control of said Stone & Webster, Inc."

■ It is the cardinal rule of law that in construing written instruments it is not generally permissible to select an isolated sentence or clause and construe it as disconnected from the balance of the contract; to the contrary the contract should be construed as a whole, that is, as an entire instrument. When we apply this rule to the contract of insurance here sued on, it is plainly evident that the two lower courts have given it proper construction.

We are further convinced, however, that if the above-quoted clause be considered alone, still it cannot be so interpreted as to make the policy of which it is a part, protect the electric company against the contingency of Bailey Perkins' death. A reading of the provision shows that by its express terms it is limited to the employees of any firm or corporation for whom Stone & Webster may have work to perform. In other words, the employees of the firm or corporation for whom Stone & Webster have work to perform are considered employees of Stone & Webster within the coverage provision above quoted. We cannot see how this provision can comfort the electric company in this suit. Bailey Perkins was not an employee of the electric company, but of Stone & Webster. If the claim of the Perkins heirs had been against the electric company as an employer of Bailey Perkins rather than a stranger to him, the situation under the policy would be entirely different. In other words the quoted provision does not operate to make the policy protect the electric company against the contingency of its killing the employees of Stone & Webster, but against such contingency only as applied to its own employees.

We are of the opinion that the Court of Civil Appeals and district court have correctly decided this case and for correct reasons given; for that reason we recommend that the judgments of the Court of Civil Appeals and district court be both affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.